819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDERAL FIREFIGHTERS ASSOCIATION, Plaintiff-Appellant,
v.
FEDERAL LABOR RELATIONS AUTHORITY; Jerry L. Calhoun,
Defendant-Appellee.
 No. 86-3164.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided May 27, 1987.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Jules Bernstein (Ira M. Lechner, on brief), for appellant.
 Arthur A. Horowitz, Federal Labor Relations Authority (Ruth E. Peters, Solicitor; William E. Persina, Deputy Solicitor; Pamela P. Johnson, on brief), for appellees.
 PER CURIAM:
 
 
 1
 The Federal Firefighters Association appeals an order of the district court dismissing its action to review a bargaining unit determination made by the Federal Labor Relations Authority. The narrow issue presented on appeal is whether the Authority exceeded its statutory power by considering the fact that firefighters are being fairly represented by their present bargaining agents. We affirm the district court's dismissal.
 
 
 2
 The firefighters are presently represented in several federal agencies by local unions affiliated with either the American Federation of Government Employees or the National Association of Government Employees. Local unions affiliated with the Firefighters Association filed petitions pursuant to the Federal Service Labor-Management Relations Act, 5 U.S.C. Secs. 7101-7135, for elections to sever the firefighters from their present bargaining units and to authorize separate bargaining units for them. After considering the criteria in Sec. 7112(a)(1),[1] for determining appropriate bargaining units, the Authority dismissed the petitions.
 
 
 3
 The Authority found that the present bargaining units satisfied the requirements of Sec. 7112(a)(1). Both the regional directors and the Authority based their decisions in part on the fact that the firefighters had been represented fairly and their concerns had not been overlooked by their present bargaining representatives. It is the Authority's consideration of the quality of the incumbent unions' representation which the Firefighters Association protests.
 
 
 4
 Section 7123(a)(2) precludes review of the Authority's bargaining unit determinations made pursuant to Sec. 7112(a)(1). In order to obtain review despite this statutory bar, the Firefighters' Association must show that the Authority acted "in excess of its delegated powers and contrary to a specific prohibition in the Act." Leedom v. Kyne, 358 U.S. 184, 188 (1958). In Newport News Shipbuilding & Dry Dock Co. v. NLRB, 633 F.2d 1079, 1082 (4th Cir.1980), referring to Kyne, we observed that certain NLRB orders, which are ordinarily insulated from review, could nevertheless be reviewed if the Board "completely abrogates its responsibility." But we cautioned:
 
 
 5
 Kyne is to be narrowly construed and should not be used to review alleged Board errors of fact.... Jurisdiction is appropriate only when there is a 'strong and clear' demonstration that a 'clear, specific and mandatory provision of the Act' has been violated.
 
 
 6
 633 F.2d at 1081. These principles govern our consideration of this appeal.
 
 
 7
 We conclude that the Authority did not exceed its statutory power or violate any provision of the Act by considering the effectiveness of the present representation afforded the firefighters. This factor is relevant to the criteria set forth in Sec. 7112(a)(1). Fair representation by bargaining agents competent to present grievances promotes effective dealing with the agencies. Moreover, it is apparent that there is a relationship between fair representation and the efficiency of the operations of the agencies. Discriminatory representation would strengthen the call for separate units to represent the firefighters. But this could lead to fragmentation of bargaining units and the consequent impairment of efficiency.
 
 
 8
 The petitions do not satisfy the criteria explained in Leedom v. Kyne, 358 U.S. 184 (1958), for creating an exception to the statutory prohibition against judicial review of the Authority's decision.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 5 U.S.C. Sec. 7112(a)(1) provides:
 The Authority shall determine the appropriateness of any unit. The Authority shall determine in each case whether, in order to ensure employees the fullest freedom in exercising the rights guaranteed under this chapter, the appropriate unit should be established on an agency, plant, installation, functional, or other basis and shall determine any unit to be an appropriate unit only if the determination will ensure a clear and identifiable community of interest among the employees in the unit and will promote effective dealings with, and efficiency of the operations of the agency involved.